# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MIRKO GRABEZ, et al.,

    Plaintiffs,

v.

WAL-MART STORES, INC.,

    Defendant.

Case No. 2:10-CV-00227-KJD-PAL

**ORDER**

    Currently before the Court is Plaintiffs' Motion to Remand to State Court (#6), Motion to Substitute Party (#7), and Motion for Attorney Fees (#8). Defendant Wal-Mart Stores, Inc. ("Wal-Mart") filed a consolidated Response in Opposition (#15), to which Plaintiffs filed a Reply (#16).

**I. Background**

    On November 17, 2007, Plaintiff Mirko Grabez, ("Mr. Grabez") a truck driver, was seriously injured when making a delivery of merchandise to the Wal-Mart Neighborhood Market located at 10440 West Cheyenne Avenue, Las Vegas, Nevada. Plaintiff was injured when a Wal-Mart dock employee released the dock lever safety lock and chain, causing the dock level to extend and raise up and then fall down, crushing Mr. Grabez's right lower extremities.

    Mirko Grabez and his wife, Vera Grabez, ("Plaintiffs") filed a Complaint in State Court on November 16, 2009, alleging four causes of action, for: (1) Negligence; (2) Vicarious Liability; (3) Negligent Hiring, Training and Supervision; and (4) Loss of Consortium, naming Wal-Mart and DOES I through X as Defendants. Paragraph four of the Complaint sets forth a claim for relief against DOE I, alleging that DOE I "an individual residing in Clark County, Nevada, [] is and/or was an employee, agent, or servant of Defendants, and was acting in his capacity as an employee, agent, or servant of Defendants . . . and was the employee involved in the incident resulting in serious

injuries to the Plaintiff". (Compl. ¶ 4.) On February 18, 2010, Wal-Mart removed the action to federal court pursuant to 28 U.S.C. § 1441(a) claiming diversity jurisdiction under 28 U.S.C. § 1332. Subsequently, on March 22, 2010, Plaintiff filed the instant Motion to Remand (#6), and Motion to Substitute Party (#7), seeking to identify and substitute "Mr. Durisseau", a Nevada resident, in place of DOE I, which would purportedly destroy complete diversity.[1]

Defendant, in opposition, alleges that Plaintiffs' Motion constitutes fraudulent joinder, and that Plaintiffs only seek to identify and substitute Mr. Durisseau in an effort to avoid federal jurisdiction.[2] Specifically, Defendant avers that Plaintiffs only sought the identity of the Wal-Mart dock employee subsequent to removal, and that Plaintiffs have "no intention of seeking joint judgment against Mr. Durisseau", because Durisseau "has no assets with which to pay any judgment in this matter." (#15 at 3.)

**II. Legal Standard**

Although 28 U.S.C. §1441(a) permits defendants to remove a case in which there is diversity jurisdiction to federal court, section 1441(b) states that diversity jurisdiction cases are "removable only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought." As stated above, here, Plaintiffs seek to join Mr. Durisseau, a Nevada resident, as a Defendant and Wal-Mart opposes remand based upon the fraudulent joinder exception to the complete diversity requirement.

The fraudulent joinder exception requires Defendants to show that a Plaintiff has failed to state a claim against a resident defendant under established state law. Ritchey v. Upjohn Drug Company, 139 F.3d 1313, 1318 (9th Cir. 1998). The Ninth Circuit has stated that "[i]f the plaintiff

---

[1] The Court notes that other pleadings indicate that at the time of filing their Motion for Joinder, Plaintiffs had not yet received the first name of the alleged Defendant "Mr. Durisseau" from Wal-Mart. Accordingly, said Defendant is referred to herein as "Mr. Durisseau". (See #11 at 5.)

[2] Fraudulent joinder is a "term of art" which does not "impugn the integrity" of the Plaintiff. Mercado v. Allstate Ins. Co., 349 F.3d 824, 826 (9th Cir.2003); Lewis v. Time Inc., 83 FRD 455, 460 (E.D.Cal.1979) aff'd by 710 F.2d 549 (9th Cir. 1983).

fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." McCabe v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987).

"The defendant seeking removal to the federal court is entitled to present the facts showing the joinder to be fraudulent." Id. (citing Smith v. Southern Pacific Co., 187 F.2d 397 (9th Cir. 1951). The party asserting fraudulent joinder carries a "heavy burden of persuasion." King v. Warner-Lambert Company, 2002 WL 988167 (D. Nev. May 7, 2002)(citing Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3d Cir. 1990)). "The defendant must demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in state court against the alleged sham defendant." Good v. Prudential Ins. Co. of Am., 5 F.Supp.2d 804, 807 (N.D. Cal.1998); Tracey v. American Family Mut. Ins. Co., 2009 WL 3754209 *2 (D. Nev. Nov. 5, 2009) ("Only where there is no reasonable ground for supposing that a plaintiff has a cause of action will the Court find that there is fraudulent joinder.")

**III. Analysis**

Here, Plaintiffs' Complaint identifies DOE I as a Nevada resident, and as the Wal-Mart employee who caused Plaintiffs' injury. Defendant avers that "[f]rom the timing, content, and unfounded accusations of Plaintiffs' counsel's correspondence, it is evident that Plaintiffs have no intention of obtaining a joint judgment against Mr. Durisseau." (#15 at 5.) The Court does not agree. Although Plaintiffs did not seek the identity of Mr. Durisseau until after removal, there is nothing to suggest such discovery requests were made in bad faith or as a result of dilatory delay. Counsel for the parties may have remonstrated or employed stratagem in correspondence, however, there is nothing in the record before the Court that denotes the joinder at issue is fraudulent.

Though Wal-Mart challenges Plaintiffs' intent in substituting Durisseau, it cannot demonstrate that there is no possibility that the Plaintiffs will be able to establish a cause of action against Durisseau. Moreover, even if Plaintiffs' claims against Durisseau were averred to be unclear or potentially unviable, merely showing that a claim against a purported sham defendant might be

dismissed does not establish fraudulent joinder.  See Bertrand v. Aventis Pasteur Labs, Inc., 226 F.Supp.2d 1206, 1213 (D. Ariz. 2002); see also  Plute v. Roadway Package Sys., Inc., 141 F.Supp.2d 1005, 1008 (N.D. Cal. 2001) ("All doubts concerning the sufficiency of a cause of action because of inartful, ambiguous or technically defective pleading must be resolved in favor of remand.").  The Court, therefore finds that Durisseau was not fraudulently joined.  Because it is undisputed that Mr. Durisseau is a Nevada resident, and no substantive federal claims have been raised, this Court does not have subject matter jurisdiction and the case is remanded to state court.

**IV. Attorney Fees**

Plaintiffs seek an award of attorney fees in relation to their Motion for Remand, pursuant to 28 U.S.C. § 1447(c).  The Court, however, does not find an award of attorney fees is warranted at this time, as it is undisputed that Wal-Mart provided the substituted Defendant's information within three days of Plaintiffs' request.  Accordingly, Plaintiffs' petition for attorney fees is denied.

**V. Conclusion**

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand to State Court (#6), and Motion to Substitute Party (#7), are **GRANTED**.  The case shall be remanded to State Court.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Attorney Fees (#8) is **DENIED**.

DATED this 22nd day of November, 2010.

_____
Kent J. Dawson
United States District Judge